IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA BETH KOBIALKO.      )
                         )
       Plaintiff,        )
                         )
    v.                   )   No. 13 C 7362
                         )
PIERCE & ASSOCIATES, P.C., and )
CENLAR FSB               )
                         )
       Defendant.        )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Pierce & Associates, P.C.'s (Pierce) motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Plaintiff Lisa Beth Kobialko (Kobialko) allegedly purchased a home located at 16050 Golfview Drive in Lockport, Illinois (Property) through a May 14, 2008 mortgage agreement (Mortgage) with the mortgage company Taylor, Bean & Whitaker Mortgage Corp. In August of 2011, Kobialko allegedly defaulted on the Mortgage. The Mortgage was subsequently assigned to Defendant Cenlar FSB (Cenlar), a mortgage company. Cenlar allegedly hired attorneys from Pierce to file a

1

foreclosure complaint on its behalf against Kobialko in the Circuit Court of Will County, Illinois (Will County Circuit Court).

On December 13, 2011, Pierce allegedly filed a Complaint To Foreclose Mortgage (Foreclosure Complaint) on behalf of Cenlar, *Cenlar FSB v. Lisa Kobialko, et al*, Will County Circuit Court Case # 2011 CH 5877 (Foreclosure Action), in which Cenlar sought a deficiency judgment and possession of the Property. Kobialko alleges that on May 14, 2013, an order approving sale and granting possession (Order of Possession) was entered in the Foreclosure Action in favor of Cenlar. In addition, a deficiency judgment in the Foreclosure Action was also entered for the amount of $124,795.10.

Kobialko alleges that on August 20, 2013, an order was entered in the Foreclosure Action that provided that the Order of Possession may not be placed for service with the sheriff until September 19, 2013. Kobialko alleges that an extension order in the Foreclosure Action (Extension Order) was entered on September 24, 2013 which provided that the "[O]rder of [P]ossession shall not be placed with the Sheriff until October 25, 2013." (Compl. Par. 15)(emphasis in the original).

Kobialko alleges that on October 1, 2013, Pierce and Cenlar obtained a certified copy of the Order of Possession and placed the copy with the Will County Sheriff (Sheriff) sometime between October 1, 2013 and October 7, 2013. According to Kobialko, on October 7, 2013, the Sheriff posted a final eviction notice on the Property which warned that eviction from the Sheriff could be performed on the Property as early as October 8, 2013. (Compl. Par. 18). Kobialko alleges that when

she came home to the Property on October 7, 2013, she saw the final eviction notice and began to panic and "melt down." (Compl. Par. 20-21). Kobialko allegedly hired an attorney who contacted the Sheriff and notified the Sheriff of the Extension Order. Kobialko alleges that the Sheriff then postponed the eviction date of the Property to October 25, 2013.

Kobialko filed a complaint against Pierce and Cenlar and includes in her complaint claims alleging a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count I), and claims alleging a violation of the Illinois Consumer Fraud and Deceptive Practices Act (ICFDPA), 815 ILCS 505/2 *et seq.* (Count II). Cenlar has not answered or otherwise pled to the complaint. Pierce now moves to dismiss the claims brought against it.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court."

3

*E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Exhibits

Pierce has attached two exhibits to its memorandum of law in support of its motion to dismiss and four exhibits to its reply in support of its motion to dismiss. (Mem. Ex. A, B; Reply Ex. A, B, C, D). Generally, a court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 505 (7th Cir. 2013). However, Federal Rule of Procedure 10(c) permits certain documents attached to Rule 12(b)(6) motions to dismiss to be considered. *Id.* Such documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir.2006)(internal quotations omitted)(quoting *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir.2002)).

Accordingly, "[t]hese documents may be considered by a district court in ruling on the motion to dismiss without converting the motion into a motion for summary judgment." *Burke*, 714 F.3d at 505. However, the court "is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." *See id.*(internal quotations omitted)(quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d,* § 1327 at 766 (1990)).

A. Memorandum Exhibits

Pierce refers to Exhibit A in its memorandum in support of its motion to dismiss as the "Judgment of Foreclosure" in the Foreclosure Action. (Mem. 1; Ex. A). Exhibit A is an unsigned copy of a proposed judgment for foreclosure and sale and does not reflect that it was ever entered by any court. (Mem. Ex. A). Pierce also refers to Exhibit B in its memorandum as the "Order Approving Sale" in the Foreclosure Action. (Mem. Ex. B). Exhibit B is an unsigned copy of a proposed order for possession and deed and does not reflect that it was ever entered by any court. (Mem. Ex. B). Exhibit A and Exhibit B, attached to Pierce's memorandum, are unauthenticated and Pierce has not shown that such documents are actually entered in the Foreclosure Action as Pierce suggests. While a court may consider the public record at the motion to dismiss stage, the two exhibits Pierce has attached to its memorandum are not part of the public record. *See Henson v. CSC Credit Services*,

5

29 F.3d 280, 284 (7th Cir. 1994)(stating a district court may take judicial notice of matters of the public record "without converting a 12(b)(6) motion into a motion for summary judgment"); (Mem. Ex. A, B). Accordingly, the court will not consider Exhibit A and Exhibit B, attached to Pierce's memorandum, for purposes of the motion to dismiss.

### B. Reply Exhibits

Exhibit D, attached to Pierce's reply, is a copy of an August 20, 2013 order from the Foreclosure Action and will be considered by this court since a copy of the August 20, 2013 order is referenced by Kobialko in her complaint and is also attached to Kobialko's complaint as Exhibit G. (Compl. Ex. G; Reply Ex. D).

Pierce claims Exhibit B, attached to its reply brief, is the "foreclosure deed." (Reply 2-3; Ex. B). Pierce, citing Exhibit B, indicates that the foreclosure deed "was issued" on May 14, 2013. (Reply 2; Ex. B). However, the alleged foreclosure deed, attached to the reply as Exhibit B, is not dated May 14, 2013, but has two other different dates on it, specifically September 20, 2013 and October 7, 2013. (Reply Ex. B). The court also notes that the alleged foreclosure deed attached to the reply is also partially redacted. (Reply Ex. B). The court will not guess which date the alleged foreclosure deed was issued based upon Exhibit B, and in any event Pierce cannot dispute facts in the complaint at this stage. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 558-59 (7th Cir. 2012)(reasoning that the court must "disregard [the defendant]'s effort to contradict the complaint" when "reviewing a Rule 12(b)(6)

dismissal"). Accordingly, the court will not consider Exhibit B, attached to Pierce's reply, for purposes of the motion to dismiss.

II. *Colorado River* Doctrine

Pierce argues that the court should dismiss this case pursuant to the *Colorado River* doctrine. Pierce argues that "this Court must defer jurisdiction to the Circuit Court of Will County Illinois." (Mem. 6). The *Colorado River* doctrine "permits federal courts to defer to a concurrent state proceeding as a matter of wise judicial administration." *Adkins v. VIM Recycling, Inc*., 644 F.3d 483, 498 (7th Cir. 2011)(internal quotations omitted)(quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). In order to determine whether the *Colorado River* doctrine applies, courts make a two-part inquiry. *Adkins, Inc*., 644 F.3d at 498. First, courts consider "whether the concurrent state and federal actions are actually parallel." *Id.*(internal quotations omitted)(quoting *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). To be considered parallel, both actions must involve "substantially the same parties [ ] contemporaneously litigating substantially the same issues." *Tyrer*, 456 F.3d at 752(internal quotations omitted)(quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988). If it is determined that both the federal and state actions are parallel, federal courts then consider "whether exceptional circumstances justify abstention." *Adkins, Inc*., 644 F.3d at 499(quoting *Tyrer*, 456 F.3d at 752).

7

Pierce, in its memorandum in support of its motion to dismiss, initially argued that the Foreclosure Action was proceeding, that Kobialko was actively involved in that litigation, and that this court should therefore defer jurisdiction to the Will County Circuit Court since "the pending Foreclosure [Action] is capable of addressing all of the claims raised by Kobialko." (Mem. 6-8). However, in Pierce's reply, Pierce no longer argues that the Foreclosure Action is proceeding or even pending in the Will County Circuit Court. (Reply 3-4). On the contrary, Pierce alleges that the "[F]oreclosure [A]ction was completed." (Reply 4). However, Pierce still argues that the *Colorado River* doctrine should apply since the instant action "should have been brought before" the Will County Circuit Court. (Reply 4). Pierce's argument in that regard is without merit since the *Colorado River* doctrine only permits a court to defer jurisdiction when there is a "concurrent state proceeding" with contemporaneous litigation. *Adkins, Inc.*, 644 F.3d at 499. Pierce has failed to establish that the Foreclosure Action is proceeding or pending. Thus, Pierce has failed to sufficiently establish that the instant action and the Foreclosure Action are parallel under the *Colorado River* doctrine. In addition, even if the actions were parallel, Pierce has failed to show that exceptional circumstances exist in this case to warrant abstention. *Adkins, Inc.*, 644 F.3d at 499. Accordingly, Pierce's request that this court dismiss the instant action under the *Colorado River* doctrine is denied.

III. FDCPA Claim

Pierce argues that Kobialko has not alleged sufficient facts to state a valid FDCPA claim. Section 1692(f) of the FDCPA, entitled "Unfair [P]ractices," sets forth that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Specifically, Section 1692(f) prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession" of property where "there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692(f)(6)(A). Repossessors and other enforcers of security interests, who are generally excluded from FDCPA regulation, fall within the definition of a FDCPA debt collector when they "take or threaten to take nonjudicial action to dispossess a person of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." *See Nadalin v. Auto. Recovery Bureau, Inc.*, 169 F.3d 1084, 1085 (7th Cir. 1999)(internal quotations omitted)(quoting 15 U.S.C. § 1692f(6)(A)). FDCPA liability also extends to attorneys and law firms who are regularly involved in debt collection during litigation. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995)(stating the Court "agree[s] with the Seventh Circuit that the [FDCPA] applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation"). Kobialko alleges in her complaint, and Pierce has not contested, that Pierce is a debt collector whose principal purpose is to enforce security interests. (Compl. Par. 4). Pierce, however, argues that it is not liable under the FDCPA in this case because Kobialko has failed "to allege that Pierce was acting to enforce a

9

security interest under" Section 1692(f)(6). (Mem. 2-5; Reply 2). Pierce argues that Kobialko "failed to specifically state what 'security interest' Pierce was attempting to enforce." (Reply 2). Pierce's argument in that regard is without merit since Kobialko's complaint indicates that Pierce attempted to enforce a security interest in the Property. (Compl. Par. 31-32). Specifically, Kobialko sufficiently alleges in her complaint that Pierce's "attempt to dispossess [Kobialko] of her property before the date ordered by the court in the [Foreclosure] Action was not authorized by the court in the [Foreclosure] Action, it was of a non-judicial nature, and violated 15 U.S.C. § 1692(f)(6)." (Compl. Par. 32).

Pierce also argues that the FDCPA does not apply in this case based on *Gulley v. Pierce & Assoc*, 2010 WL 5060257 (N.D. Ill. 2010). (Mem. 4-5; Reply 2-3). In *Gulley*, the district court dismissed an FDCPA claim filed against Pierce finding that Pierce was not liable under the FDCPA because it was not attempting to collect a debt when it filed an eviction suit to obtain possession of a property. *Gulley*, 2010 WL 5060257 *3. Pierce's reliance on *Gulley* is entirely misplaced since *Gulley* did not involve an allegation of a security interest being enforced in a nonjudicial manner in violation of Section 1692(f)(6), as is the case here. *Id*. Further, *Gulley* is not controlling precedent.

Pierce also argues that the FDCPA does not apply to this case because "there is no longer a security interest upon which Kobialko can base her claim" since "the [F]oreclosure [A]ction was completed on May 14, 2013." (Reply 2-3). Pierce cites to *Cmty. Bank of Greater Peoria v. Carter*, 669 N.E.2d 1317, 1320 (Ill. App. Ct. 1996)

10

and argues that since Kobialko's mortgage was extinguished upon the entry of the order approving sale, there is no longer a security interest upon which Kobialko can base her claim. (Reply 3). In *Carter*, unlike this case, the Illinois Appellate Court was reviewing an Illinois circuit court's ruling on a request for injunctive relief and cross-motions for summary judgment in a mortgage foreclosure action. *Carter*, 669 N.E.2d at 1320. Pierce, at the motion to dismiss stage, is asking this court to make conclusions as to when the deed to the Property was transferred and when the mortgage was completely extinguished which involve facts outside of the pleadings. (Reply 2-3). Such adjudication is reserved for summary judgment stage when a sufficient record of evidence is available. *See Wigod*, 673 F.3d at 558-59 (reasoning that the court must "disregard [the defendant]'s effort to contradict the complaint" when "reviewing a Rule 12(b)(6) dismissal"). The question, at this stage in the proceedings, is whether Kobialko sufficiently alleged that Pierce violated the FDCPA. Based upon the allegations set forth in the complaint, Kobialko's FDCPA claim is plausible since Kobialko has sufficiently alleged that Pierce attempted to enforce a security interest in the Property in a nonjudicial manner when it placed the Order of Possession with the Sheriff prior to October 25, 2013. At the summary judgment stage, Pierce will have an opportunity to point to specific evidence and dates to establish when Pierce or Kobialko had a security interest in the Property. Pierce will also be able to contest whether there is sufficient evidence to support Kobialko's FDCPA claim and further expound on its contention that a "clerical error" caused the Order Of Possession to be placed with the Sheriff early. (Mem. 2). Accordingly, at

this juncture in the proceedings, the court finds that Kobialko has sufficiently alleged that Pierce, as a debt collector, violated Section 1692(f)(6) of the FDCPA. Therefore, Pierce's motion to dismiss the FDCPA claim brought against Pierce (Count I) is denied.

IV.  ICFDPA Claim

Pierce moves to dismiss the ICFDPA claim brought against Pierce. Kobialko indicates in her response to Pierce's motion to dismiss that she "wishes to clarify that, though it could have been made clear in the pleading, she has not filed suit against Pierce under the" ICFDPA. (Resp. 10-11). Kobialko contends that the ICFDPA claim is only directed at Cenlar. *Id*. Accordingly, Pierce's motion to dismiss the ICFDPA claim brought against Pierce (Count II) is granted.

## CONCLUSION

Based upon the foregoing analysis, Pierce's motion to dismiss the FDCPA claim brought against Pierce (Count I) is denied and Pierce's motion to dismiss the ICFDPA claim (Count II) brought against Pierce is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   April 3, 2014